1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10
11  ROSA G. H.,                    )    EDCV 18-2553-AGR
12             Plaintiff,          )
13        v.                       )    MEMORANDUM OPINION AND ORDER
14  ANDREW M. SAUL,                )
    Commissioner of Social Security,)
15                                 )
             Defendant.             )
16  _____ )

Plaintiff[1] filed this action on December 5, 2018. On December 12, 2019, the parties filed a Joint Stipulation that addressed the disputed issues. The court has taken the matter under submission without oral argument.[2]

Having reviewed the entire file, the court affirms the decision of the Commissioner.

---

[1] Plaintiff's name has been partially redacted in compliance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 9, 10.)

# I.
## PROCEDURAL BACKGROUND

On September 23, 2014, Plaintiff filed an application for disability insurance benefits. Administrative Record ("AR") 15. The application was denied initially and on reconsideration. AR 15, 70, 83. On November 8, 2017, the ALJ conducted a hearing at which Plaintiff and a vocational expert testified. AR 30-58. On February 21, 2018, the ALJ issued a decision denying benefits. AR 12-25. On October 22, 2018, the Appeals Council denied the request for review. AR 1-5. This action followed.

# II.
## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.

# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and quotation marks omitted).

## B. The ALJ's Findings

The ALJ found that Plaintiff met the insured requirements through June 30, 2017. AR 17. Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[3] the ALJ found that, through the date last insured, Plaintiff had the severe impairments of cervical degenerative disc disease, lumbosacral degenerative disc disease, depression and anxiety. AR 17. Plaintiff had the residual functional capacity ("RFC") to perform light work except that she was limited to frequent use of her hands and unskilled work. She could not perform work that required fixed head positioning for greater than 15-20 minutes. AR 20. The ALJ concluded that Plaintiff could not perform her past relevant work. AR 23. However, there were jobs that existed in significant numbers in the national economy that she could perform. AR 24.

---

[3] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

## C. Step Five Determination

At step five of the sequential analysis, the burden shifts to the ALJ to identify work that exists in significant numbers in the national economy that the claimant could perform. *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999); *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998); 20 C.F.R. § 416.920. In meeting this burden, the ALJ relies primarily on the Dictionary of Occupational Titles (DOT) for information about the requirements of work in the national economy. Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704 (Dec. 4, 2000); *see also Pinto v. Massanari*, 249 F.3d 840, 845-46 (9th Cir. 2001).

"There are two ways for the Commissioner to meet the burden of showing that there is other work in 'significant numbers' in the national economy that claimant can do: (1) by the testimony of a vocational expert, or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2" (the "grids"). *Lounsburry*, 468 F.3d at 1114. "Where a claimant suffers only exertional limitations, the ALJ must consult the grids. Where a claimant suffers only non-exertional limitations, the grids are inappropriate, and the ALJ must rely on other evidence. Where a claimant suffers from both exertional and non-exertional limitations, the ALJ must consult the grids first." *Id.* at 1115. The grids are inapplicable when "a claimant's non-exertional limitations are sufficiently severe so as to significantly limit the range of work permitted by the claimant's exertional limitations."[4] *Hoopai v. Astrue*, 499 F.3d 1071, 1075 (9th Cir. 2007) (citation and quotation marks omitted). The testimony of a vocational expert is required when nonexertional limitations significantly limit the range of work a claimant can perform. *Tackett*, 180 F.3d at 1102.

The ALJ first consulted the grids and determined that a finding of "not disabled" would be directed by Grid Rule 202.21 if Plaintiff were able to perform the full range of

---

[4] Nonexertional limitations include "postural and manipulative limitations such as difficulty reaching, handling, stooping, climbing, crawling, or crouching." *Lounsburry*, 468 F.3d at 1115.

4

light work. AR 24. The vocational expert testified that Plaintiff's residual functional capacity would not substantially erode the occupational base for light unskilled work. AR 56. The ALJ found that the vocational expert's testimony was consistent with the DOT and found Plaintiff not disabled through the date last insured. AR 24.

### 1. **Potential Conflict**

Plaintiff argues that the ALJ failed to ask the vocational expert whether his testimony was consistent with the DOT. Therefore, Plaintiff contends it is unclear whether there is a deviation and, if so, how the vocational expert resolved any conflict.

An ALJ may not rely on a VE's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT. If the testimony conflicts, the ALJ must obtain a reasonable explanation for the deviation. *Massachi v. Astrue*, 486 F.3d 1149, 1152-54 (9th Cir. 2007). The ALJ's failure to inquire, however, can be harmless error when there is no actual conflict, or if the VE provided sufficient support to justify any variation from the DOT. *Id.* at 1154 n.19; *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).

Plaintiff does not identify any apparent or obvious conflict. "For a difference between an expert's testimony and the [DOT]'s listings to be fairly characterized as a conflict, it must be obvious or apparent. This means that the testimony must be at odds with the [DOT]'s listing of job requirements that are essential, integral, or expected." *Gutierrez v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016). "[A]n ALJ must ask follow up questions of a vocational expert when the expert's testimony is either obviously or apparently contrary to the [DOT], but the obligation doesn't extend to unlikely situations or circumstances." *Id.* ("ALJ didn't err because there was no apparent or obvious conflict"); *see Ruth v. Berryhill*, 769 Fed. Appx. 442, 443 (9th Cir. 2019) (finding ALJ did not err in failing to ask VE about any conflict between his testimony and DOT because there was no showing of apparent conflict); *Vargas v. Berryhill*, 735 Fed. Appx. 413, 414

1  (9th Cir. 2018) (same); *Ruiz v. Berryhill*, 732 Fed. Appx. 592, 594 (9th Cir. 2018) (same).

Plaintiff's speculative and conclusory argument that an unknown potential conflict might exist is insufficient. *See Dewey v. Colvin*, 650 Fed. Appx. 512, 514 (9th Cir. 2016) (finding no conflict when DOT is silent on particular requirement); *McDaniel v. Colvin*, 2017 U.S. Dist. LEXIS 59253, *11 (C.D. Cal. Apr. 18, 2017) ("there can be no conflict between the vocational expert's testimony and the DOT where, as here, the DOT is silent on the subject in question"); *Doty v. Colvin*, 2016 U.S. Dist. LEXIS 35618, *15 (C.D. Cal. Mar. 18, 2016) (same).

### 2. **Specific Jobs**

As discussed above, the ALJ relied on the grids and the vocational expert's testimony that Plaintiff's residual functional capacity would not significantly erode the occupational base for light unskilled work. AR 24, 56; *see Hoopai*, 499 F.3d at 1077 ("substantial evidence supports the ALJ's conclusion that the depression was not a sufficiently severe non-exertional limitation that prohibited the ALJ's reliance on the grids without the assistance of a vocational expert"); *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) ("A VE's recognized expertise provides the necessary foundation for his or her testimony. Thus, no additional foundation is required.").

Plaintiff contends that the vocational expert's testimony is "demonstrably false." (JS at 6.) Plaintiff cites the vocational expert's testimony that a restriction to fixed head positioning for no more than 15-20 minutes would preclude Plaintiff's past relevant work of dental assistant. AR 53-54. The vocational expert testified, however, that a dental assistant job is not categorized as unskilled work. AR 54. The DOT categorizes a dental assistant job as light work at SVP 6. AR 52. By contrast, in the grids, "administrative notice has been taken of the numbers of unskilled jobs that exist throughout the national economy at the various functional levels (sedentary, light, medium, heavy, and very heavy) as supported by the 'Dictionary of Occupational Titles'"

6

and other sources. 20 C.F.R. Pt. 404, Subpt. P, App. 2, §§ 200.00(b); *Id.* § 202.00 ("Approximately 1,600 separate sedentary and light unskilled occupations can be identified in eight broad occupational categories, each occupation representing numerous jobs in the national economy. These jobs can be performed after a short demonstration or within 30 days, and do not require special skills or experience."). Thus, the vocational expert's testimony does not provide a basis for finding that the ALJ erred in relying on the grids. *See Gebhard v. Berryhill*, 726 Fed. Appx. 664, 666 (9th Cir. 2018) (finding ALJ did not err in relying on grids and failing to consult VE under *Hoopai*); *Roquemore v. Comm'r*, 374 Fed. Appx. 693, 695-96 (9th Cir. 2010) (finding ALJ did not err in relying exclusively on grids when nonexertional limitations were not sufficiently severe to significantly limit range of light unskilled work).

Plaintiff does not identify any other basis for undermining the vocational expert's testimony that Plaintiff's residual functional capacity would not significantly erode the occupational basis for light unskilled work. Plaintiff has not shown error.

## IV.

## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

DATED: January 7, 2020

_____
ALICIA G. ROSENBERG
United States Magistrate Judge